EASTERN DIST.

*March,* 1840.

SHAUM
*vs.*
STRONG.

---

## SHAUM *vs.* STRONG.

### APPEAL FROM THE CITY COURT OF-NEW-ORLEANS.

When there is no evidence to the contrary, the owners of a steam-boat will be deemed commercial partners, and bound *in solido* for her debts.

So, where the captain gave his due-bill to the engineer of a steam-boat for balance of wages due him, the defendant, as one of the owners, was held liable for the amount of the claim.

EASTERN DIST.

*March*, 1840.

SHAUM

*vs.*

STRONG.

The defendant is sued as one of the owners of the steam-boat Columbia, for the balance of a claim for wages due the engineer, evidenced by the following due bill of the captain :

" Due Mr. William Shaum four hundred and seven dollars and ninety-three cents, being for balance of wages due him on steam-boat Columbia, up to 19th July, 1837.

C. C. WATERMAN,
For owners of steam-boat Columbia."

The defendant denied being part owner, or that he was a commercial partner, or that Waterman was authorized to bind the owners, or did so ; that there was no amicable demand.

The plaintiff proved his demand, and that the defendant was one of the owners of the boat at the time the due bill was given, and that Waterman was captain.

There was judgment for the plaintiff, and the defendant appealed.

*Ives*, for the plaintiff, prayed the affirmance of the judgment with ten per cent. damages, as a delay case.

*Lockett* and *Micou*, insisted, there was no evidence that the steam-boat carried freight or passengers, or that her owners were commercial partners.

*Morphy, J.*, delivered the opinion of the court.

The defendant is sued as one of the owners of the steam-boat Columbia, on a due bill given to the plaintiff, for a balance of his wages, as engineer of said boat, up to the 19th of July, 1837. This obligation is signed by one C. C. Waterman, as captain of the boat and agent for the owners. On the evidence adduced below, judgment was given for the plaintiff, and the defendant appealed.

The only point made in this court is, that the record shows no evidence that the Columbia carried any freight, or that her owners were commercial partners ; that defendant is owner only of three-fifths of the boat, and should have been decreed to pay only that proportion of the claim.

It is true, that under the decisions of this court, the bare circumstance of persons being the joint owners of a boat, does not make them responsible *in solido,* because, as was said in David *vs*. Eloi et al, 4 *Louisiana Reports,* 106, several persons may become owners of a boat for other purposes than carrying personal property for hire. She may be bought on speculation, with an intention of re-selling her. She may be chartered out, and while she remains joint property, never be used to carry goods.    But these, and other cases of this kind, are of extremely rare occurrence, and must be made out by proof, to destroy the natural and violent presumption, that steam-boats are used by their owners for the purposes for which they are generally built or acquired.    Although there is no express or positive testimony on this head, the record shows, we think, sufficient *prima facie* evidence of the objects to which the Columbia was applied by her owners, when it informs us that the boat had been running for account of the defendant and Calvert, his co-proprietor, up to the time when this due bill was subscribed and delivered to plaintiff for his services on board of her as engineer.   We may well presume and believe, unless the contrary is shown, that she had been doing that kind of business which steam-boats are almost universally employed in, to wit : carrying personal property for hire.    But, independent of the solidarity which would result from the nature of defendant's partnership with Calvert, we find in the record an absolute promise to the plaintiff, by defendant, to pay the amount of his claim, without any restriction or reservation as to his liability only for a portion.    This alone, was, perhaps, sufficient to authorize a recovery in this suit.    At all events, it corroborates the view we have taken of the defendant's legal responsibility for the whole.    Damages have been prayed for by the appellee. We do not deem this a proper case for awarding any.

It is, therefore, ordered, adjudged and decreed, that the judgment of the City Court be affirmed, with costs.

When there is no evidence to the contrary, the owners of a steam-boat will be deemed commercial partners, and bound *in solido* for her debts.